1  HOLLY S. HANOVER, Esq.
   California State Bar Number 177303
2  3132 Third Ave. #101
   San Diego, CA 92103
3  Telephone: (619) 295-1264
   E-Mail: Netlawyr@aol.com
4  Attorney for Defendant, Mr. Jordan Arnold

5      **UNITED STATES DISTRICT COURT**
       **SOUTHERN DISTRICT OF CALIFORNIA**
6         **(THE HON. LARRY A. BURNS)**

| | |
|---|---|
| 7  UNITED STATES OF AMERICA,  )  | CASE NO. 08cr0274-LAB |
|      Plaintiff,  ) | |
| 8                  )  | DATE: March 17, 2005 |
|    v.              )  | TIME: 2:00 p.m. |
| 9                  )  | |
|    JORDAN ARNOLD,  )  | STATEMENT OF FACTS AND |
| 10     Defendant.  )  | MEMORANDUM OF POINTS AND |
|                    )  | AUTHORITIES IN SUPPORT |
| 11                 )  | OF DEFENDANT'S MOTION |

12                               **I.**

13                    **STATEMENT OF FACTS**

14      The following statement of facts is based, in part, on the
15 indictment and other information provided by the United States
16 Attorney's office. Counsel has received approximately 175 pages of
17 discovery, and believes this is just the tip of the iceberg. It is
18 believed that the U.S. Attorney has much more discovery to turn over in
19 this case. Counsel spoke briefly the Assistant United States Attorney
20 before and after the detention hearing in this case, and was informed
21 that opposing counsel would be out of town for the next several weeks.
22 No additional discovery has been handed over beyond the initial packet,
23 and no offer has been made in this case.

24      This case stems from an arrest on a state matter related to
25 prostitution, and it appears that the case may have been dismissed from
26 the state jurisdiction so the federal authorities could try to prosecute
27 it. It seems there are several witnesses in this case (some of them are
28 juveniles), perhaps some video, audio and photographic evidence, and

1 many reports that have likely been done as well as many recorded
2 conversations of interviews and surveillance documentation that has not
3 yet been turned over. All this doesn't include any of the documentation
4 which may have been produced during the pendency of the state case
5 before it was turned over to federal authorities. Defense counsel is
6 requesting all of that documentation in this discovery request.

7 Mr. Arnold is in federal custody, pending the outcome of this case.

**II.**

**THE COURT SHOULD COMPEL THE GOVERNMENT TO PRODUCE DISCOVERY**

Jordan Arnold makes the following discovery motion pursuant to Rule 12(b)(4) and Rule 16. This request is not limited to those items that the prosecutor has actual knowledge of, but rather includes all discovery listed below that is "in the possession, custody, or control of any federal agency participating in the same investigation of the defendant." United States v. Bryan, 868 F.2d 1032, 1036 (9th Cir.), cert. denied, 493 U.S. 858 (1989).

***Mr. Arnold may eventually also request a detailed list of specific items that may not yet have been produced, and is requesting that the government turn over and allow his counsel to view and inspect all items, and interview all witnesses at the earliest possible date. He also specifically requests that the government retain, preserve and prevent from destruction, all evidence seized in this case so that counsel may have the opportunity to re-test and have it's own expert examine any computer files if necessary.***

(1) <u>Mr. Arnold's Statements</u>. The government must disclose: (1) copies of any written or recorded statements made by Mr. Arnold; (2) copies of any written record containing the substance of any statements made by Mr. Arnold; and (3) the substance of any statements

made by Mr. Arnold which the government intends to use, for any purpose, at trial. **This includes any hand-written notes made by agents and any co-conspirator's or material witness alleged statements as well, as well as any video or audio recorded statements.** See Fed. R. Crim. P. 16(a)(1)(A). Mr. Arnold also specifically requests that the circumstances surrounding any alleged waiver of his right to counsel and right to remain silent be disclosed as well.

<u>Statements of Others</u>; the defense moves for an order directing the government to permit the defense to inspect and copy any statements of any co-defendant or co-conspirator, material witness, or confidential informant that the government intends to offer against defendant under Fed. R. Evid. 801(d)(2)(E), including, but not limited to:

(A) Relevant written or recorded statements made by any co-defendant or claimed co-conspirator, indicted or unindicted, that are in the government's possession, custody, or control, or that through due diligence may become known to the government; and

(B) The substance of any oral statement that the government intends to offer in evidence at the trial of this matter made by any co-defendant or claimed co-conspirator, indicted or unindicted, before or after arrest, in response to interrogation by any person known to the declarant to be a government agent.

**Counsel specifically requests access to all witnesses in this case, including the juveniles which have been placed in a special housing situation. Not only are they percipient witnesses, it is believed that they may have information which may be considered Brady material.**

(2) <u>Mr. Arnold's Prior Record</u>. Mr. Arnold requests complete disclosure of his prior record if one exists. See Fed. R. Crim. P. 16(a)(1)(B).

(3) <u>Documents and Tangible Objects</u>. Mr. Arnold requests the opportunity to inspect, copy, and photograph all documents and tangible

objects which are material to the defense or intended for use in the government's case-in-chief or were obtained from or belong to him. See Fed. R. Crim. P. 16(a)(1)(C).

(4) <u>Reports of Scientific Tests or Examinations</u>. Mr. Arnold requests the reports of all tests and examinations which are material to the preparation of the defense or are intended for use by the government at trial. See Fed. R. Crim. P. 16(a)(1)(D). Mr. Arnold notes that no fingerprint analyses have been produced. If such analyses exist, Mr. Arnold requests a copy.

(5) <u>Expert Witnesses</u>. Mr. Arnold requests the name and qualifications of any person that the government intends to call as an expert witness. See Fed. R. Crim. P. 16(a)(1)(E). Mr. Arnold requests written summaries describing the bases and reasons for the expert's opinions. See id. This request applies to any fingerprint and handwriting experts that the government intends to call.

(6) <u>Brady Material</u>. Mr. Arnold requests all documents, statements, agents' reports, and tangible evidence favorable to the defendant on the issue of guilt or punishment. See <u>Brady v. Maryland</u>, 373 U.S. 83 (1963), <u>Williams v. Taylor</u>, 120 S.Ct. 1479 (2000), <u>Strickler v. Greene</u>, 527 U.S. 263 (1999).

Impeachment evidence falls within the definition of evidence favorable to the accused, and as such, Mr. Arnold requests disclosure of any impeachment evidence concerning any of the government's potential witnesses, including prior convictions and other evidence of criminal conduct. See <u>United States v. Bagley</u>, 473 U.S. 667 (1985); <u>United States v. Agurs</u>, 427 U.S. 97 (1976); <u>Kyles v. Whitley</u>, 514 U.S. 419 (1995).

In addition, Mr. Arnold requests any evidence tending to show that a prospective government witness: (I) is biased or prejudiced against

the defendant; (ii) has a motive to falsify or distort his or his testimony; (iii) is unable to perceive, remember, communicate, or tell the truth; or (iv) has used narcotics or other controlled substances, or has been an alcoholic.  ***This would specifically include any and all documentation or evidence pertaining to the apparent many different versions of events that were given by witnesses during their various interviews.***

(7) <u>Request for Preservation of Evidence</u>.  Mr. Arnold specifically requests the preservation of all physical or documentary evidence that may be destroyed, lost, or otherwise put out of the possession, custody, or care of the government and which relate to the arrest or the events leading to the arrest in this case.

(8) <u>Any Proposed 404(b) Evidence</u>.  "[U]pon request of the accused, the prosecution . . . shall provide reasonable notice in advance of trial . . . of the general nature" of any evidence the government proposes to introduce under Rule 404(b).  Fed. R. Evid. 404(b).  Mr. Arnold requests such notice as soon as possible, in order to allow for adequate trial preparation.

(9) <u>Witness Addresses</u>.  Mr. Arnold requests the name and last known address of each prospective government witness.  He also requests the name and last known address of every witness to the crime or crimes charged (or any of the overt acts committed in furtherance thereof) who will <u>not</u> be called as a government witness.

(10) <u>Jencks Act Material</u>.  Mr. Arnold requests production in advance of trial of all material discoverable pursuant to the Jencks Act, 18 U.S.C. § 3500.  This production will avoid needless delays at pretrial hearings and at trial.  ***This request includes any "rough" notes taken by the agents in this case;*** these notes must be produced pursuant

to 18 U.S.C. § 3500(e)(1). *This request also includes production of transcripts of the testimony of any witness before the grand jury. Counsel would like access to all witnesses' last known address so an attempt can be made to contact them.* See 18 U.S.C. § 3500(e)(3).

(11) <u>Residual Request</u>. Mr. Arnold intends by this discovery motion to invoke his rights to discovery to the fullest extent possible under the Federal Rules of Criminal Procedure and the Constitution and laws of the United States. Mr. Arnold requests that the government provide his and his attorney with the above-requested material sufficiently in advance of trial to avoid any delays.

(12) <u>Government Examination of Law Enforcement Personnel Files</u> Mr. Arnold requests that the government examine the personnel files and any other files within its custody, care or control, or which could be obtained by the government, for all testifying witnesses. Mr. Arnold requests that these files be reviewed by the government attorney for evidence of perjurious conduct or other conduct like dishonesty, or any other material relevant to impeachment, or any information that is exculpatory, pursuant to its duty under <u>United States v. Henthorn</u>, 931 F.2d 29 (9th Cir. 1991).

The obligation to examine files arises by virtue of the defense making a demand for their review: the Ninth Circuit in <u>Henthorn</u> remanded for <u>in camera</u> review of the agents' files because the government failed to examine the files of agents who testified at trial. This Court should therefore order the government to review all such files for all testifying witnesses and turn over any material relevant to impeachment or that is exculpatory to Mr. Arnold prior to trial. Mr. Arnold specifically requests that the prosecutor, not the law enforcement officers, review the files in this case. The duty to review

the files, under Henthorn, should be the prosecutor's and not the officers'. Only the prosecutor has the legal knowledge and ethical obligations to fully comply with this request.

### III.

### THE COURT SHOULD GRANT LEAVE TO FILE FURTHER MOTIONS

In order to properly present additional pretrial motions, Mr. Arnold needs more information which may be provided through counsel's discovery request. Given the lack of discovery turned over thus far, the fact that opposing counsel has been out of town and unavailable for some time, and the fact that defense counsel is in the middle of moving the location of her offices (this move should be complete by the end of March), this additional time is needed to develop this case in a manner that allows Mr. Arnold an intelligent review of the case against him.

Counsel does not wish to delay matters any further than absolutely necessary, but additional time is needed to provide Mr. Arnold with adequate assistance, as is his Sixth Amendment right. As such, defense counsel respectfully requests the chance to obtain additional discovery, make arrangements to interview all possible witnesses (including the juveniles), conduct independent investigation, and file additional motions before a trial date is set in this matter.

### IV.

### CONCLUSION

For the foregoing reasons, Mr. Arnold respectfully requests that the Court grant his motions.

**Respectfully submitted,**

**Dated: March 3, 2008**            *s/ Holly Hanover*
                                     Holly S. Hanover
                                     Attorney for Mr. Jordan Arnold
                                     E-mail: Netlawyr@aol.com