# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                              Plaintiff,<br>  vs.<br><br>JORDAN ARNOLD,<br><br>                             Defendant. | CASE NO. 08CR0274-LAB<br><br>**ORDER DENYING MOTION TO FILE DECLARATION UNDER SEAL** |

Defendant Jordan Arnold has filed a motion to suppress his post-arrest statements in this case. As required by the Criminal Local Rule 47.1(g) (1) and (2), and this court's Standing Order in Criminal Cases, the motion is supported by the defendant's sworn declaration which puts in issue relevant material facts. In an unusual twist, the defendant has petitioned to seal the declaration "until the time set forth for the suppression hearing in this case," which means the government won't receive advance notice of the grounds the defendant contends support the remedy of suppression.

The motion to file the declaration "under seal" is DENIED.

The Defendant's declaration is offered in connection with a contested motion to suppress evidence. No compelling reason has been offered for the court to receive secret proffered evidence for substantive purposes from one party and withhold it from the other,

and the court discerns no reason for doing so. A suppression hearing is an important stage in the criminal process. Simple fairness dictates that both sides have the right to be made aware of the opponent's contentions, arguments and proffered evidence before the hearing so they can prepare and respond. Withholding substantive material offered by one side from the other virtually obliterates as to the excluded side the basic and fundamental right to be confronted with the opponent's arguments and contentions, and to have the opportunity to prepare to oppose them. See *United States v. Guzman- Parra*, 401 F.Supp. 1055, 1057 (S.D. Cal. 2005) (rejecting pleading offered under seal and in camera for substantive purposes on issue potentially dispositive of litigation).

As the hearing on Defendant's motion to suppress statements is scheduled less than 24 hours from the date and time of this order, the court grants Defendant leave to immediately refile the declaration supporting his motion to suppress evidence, and serve it forthwith on the United States. Pursuant to the Local Rules and this Court's Standing Order in Criminal Cases, failure to do so shall result in summary denial of the motion to suppress statements.

**IT IS SO ORDERED**.

DATED: April 17, 2008

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge