HOLLY S. HANOVER, Esq.
California State Bar Number 177303
1016 La Mesa Ave.
Telephone: (619) 295-1264
E-Mail: Netlawyr@aol.com
Attorney for Defendant, Mr. Jordan Arnold

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
(THE HON. LARRY A. BURNS)**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff,<br><br>v.<br><br>JORDAN ARNOLD,<br>    Defendant. | CASE NO. 08cr0274-LAB<br><br>DATE: June 9, 2005<br>TIME: 2:00 p.m.<br><br>**STATEMENT OF FACTS AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION** |

**I.**

**STATEMENT OF FACTS**

The defense hereby incorporates all statements of facts previously filed by the defense in this case. Additionally, from the time of the last motions date on April 23, 2008, which dealt primarily with the admissibility of Mr. Arnold's statements, defense counsel has been doggedly requesting access to the governments two key witnesses, Ashley and Liliana A., but to date, has not been given access to interview either of them. Counsel has also been trying to get information to contact Heather (aka: Dizzy) as well.

Both of the Ashley A. And Liliana A. are represented by counsel, Michael Powers, an attorney that apparently works with juveniles. Defense counsel has attempted obtain a date and time to interview both of these witnesses through their counsel on several occasions, but their counsel has not returned phone calls. Many times when counsel has called, the number was reported as disconnected for a time. Defense counsel has even tried to enlist the assistance of the assistant U.S.

1  attorney and the social worker for the witnesses as well, but to date,
2  none of these attempts to arrange for an interview have met with any
3  success.  Counsel finally spoke with Mr. Powers on the phone today, and
4  he indicated that he was not accustomed to have his clients interviewed
5  by other counsel.  This was not a per-se denial of access to his
6  clients, but his reluctance to allow defense counsel to sit down and
7  interview his clients came through in the conversation, and perhaps
8  explains his lack of accessibility by phone.  Once again, he said he
9  would make some calls and get back to defense counsel.  The last time
10 he said that, was the last time defense counsel spoke to him, well over
11 3 weeks ago, and he has not been heard from since - until today.
12     Counsel is also still attempting to get access to Heather (aka:
13 Dizzy), but has not yet been given information about how to contact her.

**II.**

**DEFENSE COUNSEL REQUESTS A COURT ORDER ALLOWING COUNSEL TO MEET WITH IN PERSON AND INTERVIEW THE GOVERNMENT WITNESSES IN THIS CASE (PARTICULARLY ASHLEY A., LILIANA A. AND HEATHER (AKA: DIZZY).**

17   Despite numerous attempts from the very beginning of this case in
18 February forward, Defense counsel has not been given access to key
19 witnesses in this case, and cannot adequately advise Mr. Arnold about
20 upcoming proceedings, nor can she currently present a competent defense
21 at trial.  Counsel has no wish to be ineffective, but is being prevented
22 from competent representation through circumstances outside her control.
23   Mr. Arnold has a right to have competent counsel during these
24 proceedings. See United States v. Napue, 834 F.2d 1311 (7th Cir. 1987);
25 United States v. Tucker, 716 F.2d 576 (9th Cir. 1983) (failure to
26 interview government witnesses by counsel is ineffective); United States
27 v. Cook, 608 F.2d 1175, 1181 (9th Cir. 1979), overruled on other grounds
28 by Luce v. United States, 469 U.S. 38 (1984) (defense has equal right

to talk to witnesses).

Given the stonewalling that has gone on to date, Mr. Arnold and his counsel request this Court issue an order allowing counsel and her investigator to meet with Ashley A., Liliana A. and Heather (aka: Dizzy) as soon as possible.

### III.

**DEFENSE COUNSEL REQUESTS A CONTINUATION OF THE TRIAL DATE TO ALLOW TIME TO INTERVIEW THESE WITNESSES.**

Counsel has been trying for weeks to interview these witnesses and even if the Court issues an Order allowing access, it is not known how much more of a delay will be caused by counsel for the witnesses, given how poor the communication has been thus far.  Counsel cannot adequately determine how this case will even proceed, let alone prepare for trial in a competent manner, until she can speak with these witnesses.

### IV.

**COUNSEL REQUESTS LEAVE TO FILE FURTHER MOTIONS.**

Counsel anticipates filing in limine motions in compliance with the Court's standing orders.  However, if other motions become necessary, as a result of other issues arising between now and then, counsel respectfully requests permission to address those issues through filing of additional motions as necessary.

//
//
//
//
//
//
//

## V.

## CONCLUSION

For the foregoing reasons, Mr. Arnold respectfully requests that the Court grant his motions.

**Respectfully submitted,**

**Dated: May 19, 2008**

*s/ Holly Hanover*
Holly S. Hanover
Attorney for Mr. Jordan Arnold
E-mail: Netlawyr@aol.com