HOLLY S. HANOVER, Esq.
California State Bar Number 177303
1016 La Mesa Ave.
Spring Valley, CA 91977
Telephone: (619) 295-1264
E-Mail: Netlawyr@aol.com
Attorney for Defendant, Mr. Jordan Arnold

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
(THE HON. LARRY A. BURNS)**

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br>      Plaintiff,<br><br>v.<br><br>**JORDAN ARNOLD,**<br>      Defendant. | CASE NO. 08cr0274-LAB<br><br>DATE: July 28, 2005<br>TIME: 2:00 p.m.<br><br>STATEMENT OF FACTS AND<br>MEMORANDUM OF POINTS AND<br>AUTHORITIES IN SUPPORT<br>OF DEFENDANT'S MOTION |

**I.**

**STATEMENT OF FACTS**

The defense hereby incorporates all statements of facts previously filed by the defense in this case. Additionally, before the superceding indictment, defense counsel spoke to Jessica King, and after speaking with her, intended to call her as a witness for the defense, as she had testimony which would exonerate Mr. Arnold. Before the case went to trial, however, the government indicted Ms. King, and Christopher Black, and lumped them into Mr. Arnold's case. The government also added two additional material witnesses, and these two new witnesses (Heather and Kanima) say quite different things about Mr. Black and Mr. Arnold (and Ms. King for that matter). Kanima did, however, indicate that she did not work for Mr. Arnold as a prostitute. Kanima stated that she worked

for Prophet (or Profit)[1].

Despite several attempts by counsel to interview all four material witnesses in this case, they have refused to speak with counsel. Counsel recently received a letter from their new attorney, which confirmed this fact in writing. As such, Mr. Arnold has had no access to any of the witnesses in this case.

## II.

### THE COURT SHOULD SEVER MR. ARNOLD'S CASE FROM HIS CO-DEFENDANTS

This Court can justify its severance of Mr. Arnold's case from that of the remaining two co-defendants under either Rule 8(b) or Rule 14 of the Federal Rules of Criminal Procedure.

> Rule 8(b) provides for the proper joinder of defendants:
> The indictment or information may charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses.

Fed. R. Crim. P. 8(b). Where the procedure is undergone improperly, however, severance from misjoinder is mandatory under Rule 8(b). See United States v. Donaway, 447 F.2d 940, 943 (9th Cir. 1971).

Rule 14(a) provides for the severance of defendants under certain conditions:

> If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires.

---

[1] During the interviews with Kanima and Heather, agents seem to be feeding each of them lines and getting either un-audible replies, or "Mmm Hmm" and "Huh Uh," in response quite often. Heather was told outright several times at the beginning of her interview, by agents trying to convince her, that she was a "victim" and she just hadn't accepted that fact yet. When Kanima replied with more than a word at a time when asked about Mr. Arnold, her responses don't seem to come from direct knowledge of any situations, but more so simply in response to what agents are telling her, or from what she may have heard from someone else.

Fed. R. Crim. P. 14(a).  Although a motion for severance is addressed to the trial court's discretion, see, e.g., United States v. Seifert, 648 F.2d 557, 563 (9th Cir. 1990), the granting of such a severance is warranted "if there is a serious risk that a joint trial would prejudice a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence."  United States v. Mayfield, 189 F.3d 895, 899 (9th Cir. 1999) (quoting United States v. Zafiro, 560 U.S. 534, 539 (1993)); United States v. Tootick, 952 F.2d 1078, 1083 (9th Cir. 1991).

**A.  The Trial of Mr. Arnold Should be Severed Due to Prejudicial Joinder**.

Rule 14 of the Federal Rules of Criminal Procedure requires severance or other relief whenever a defendant may be prejudiced by joinder of defendants in an indictment or by joinder for trial altogether.  See United States v. Escalante, 637 F.2d 1197, 1201 (9th Cir. 1980); United States v. Lutz, 621 F.2d 940, 945 (9th Cir. 1980); United States v. Tousant, 619 F.2d 810, 813 (9th Cir. 1980).

A decision to sever multiple co-defendants' cases remains within the trial court's discretion.  See United States v. Doe, 655 F.2d 920, 926 (9th Cir. 1981); United States v. Seifert, 648 F.2d 557, 563 (9th Cir. 1980).  To warrant the issuance of a severance, the defendant must demonstrate that a joint trial is "so manifestly prejudicial that it outweighs the dominant concern with judicial economy and compels the exercise of the court's discretion to sever."  Doe, 655 F.2d at 926 (citations omitted).  See also Zafiro, 506 U.S. at 539.

A joint trial would greatly prejudice Mr. Arnold for four reasons.  First, Mr. Arnold and his co-defendants can offer irreconcilable, mutually exclusive defenses.  Second, Mr. Arnold will be denied access

to the exculpatory testimony of his co-defendants, whom he would be able to call to testify at a separate trial.  Third, Mr. Arnold will be denied his Sixth Amendment rights of the Confrontation Clause and cross-examination.  Finally, if tried together with the co-defendants, the jury may wrongly find Mr. Arnold guilty by association, impinging on Mr. Arnold's Due Process Rights.  Because of the foregoing reasons, Mr. Arnold's case must be severed from that of his co-defendants.

1. <u>Without Severance, the Defendants Will Offer Mutually Exclusive Defenses</u>

Severance may be granted where the defendant "[shows] that the core of the codefendant's defense is so irreconcilable with the core of his own defense that the acceptance of the codefendant's theory by the jury precludes acquittal of the defendant." <u>United States v. Throckmorton</u>, 87 F.3d 1069, 1072 (9th Cir. 1996).

The Ninth Circuit has recognized that "'[t]he prototypical example is a trial in which each of two defendants claims innocence, seeking to prove instead that the other committed the crime.'" <u>United States v.Tootick</u>, 952 F.2d 1078, 1081 (9th Cir. 1991) (citing <u>United States v. Holcomb,</u> 797 F.2d 1320, 1324 (5th Cir.1986)).  Mutual exclusivity also may exist when "only one defendant accuses the other, and the other denies any involvement."  <u>Tootick</u>, 952 F.2d at 1081 (citing <u>United States v. Romanello</u>, 726 F.2d 173, 177 (5th Cir. 1984)).  <u>See also United States v. Mayfield</u>, 189 F.3d 895, 899-900 (9th Cir. 1999).  For example, in <u>Tootick</u>, co-defendants Mr. Tootick and Mr. Frank each claimed that the other acted alone in stabbing Mr. Hart, the victim. <u>Tootick</u>, 952 F.2d at 1081.  There was no dispute that all three men were present at the scene, and that Mr. Hart did not injure himself.  <u>Id</u>. Mr. Frank testified that he watched in horror as Mr. Tootick stabbed

Mr. Hart. Id. Mr. Tootick, who did not testify, presented a defense that he passed out or was asleep throughout the episode. Id. Thus, their defenses contradicted each other such that "the acquittal of one [necessitated] the conviction of the other." Id. The joint trial resulted in substantial prejudice to both defendants because their mutually exclusive defenses prevented the jury from determining the "guilt or innocence of each defendant on an individual and independent basis." Id. at 1082. The Ninth Circuit held that the district court abused its discretion in refusing to sever, and reversed both defendants' convictions.

Here, severance of Mr. Arnold's case from a joint trial is appropriate. Mr. Arnold's and Mr. Black's defenses will likely be at direct odds to each other, and from an initial reading of discovery and transcripts of material witness testimony, Kanima's non-hearsay testimony implicates "Prophet", whom is not Mr. Arnold. At one point, she admitted that she worked only for Prophet, and not Mr. Arnold. It is also likely that Mr. Black will claim that he has nothing to do with Ashley and Lilianna, and Mr. Arnold will have his own, distinct defense related to the other witnesses, which would be completely different from any defense Mr. Black would present. Under these circumstances, severance of the cases is appropriate to ensure that the jury can "assess the guilt or innocence of each defendant on an individual and independent basis."

2. <u>Without Severance, Mr. Arnold Will Have No Right to Call the Co-Defendant To Testify</u>

A joint trial precludes Mr. Arnold from being able to elicit any favorable testimony from his co-defendant, Jessica King. Mr. Arnold would have no right to call the co-defendant as a witness, and might

1 cause that co-defendant to invoke her Fifth Amendment privilege in front
2 of the jury. U.S. v. Vigil, 561 F.2d 1316, 1318 (9th Cir. 1977).

3     At a separate trial, however, even if a co-defendant would not
4 voluntarily testify, Mr. Arnold has a constitutional right to call her
5 as a witness. See Bruton v. United States, 391 U.S. 123, 126-27 (1968).
6 To ensure the invocation of this right, severance must be granted.
7 Severance to facilitate the testimony of a co-defendant is proper if the
8 three- element test of Rule 14 is satisfied.  Under the test, a
9 defendant must show that (1) the defendant would call the co-defendant
10 to the stand in the severed trial, (2) that the co-defendant would
11 testify, and (3), that the testimony would be favorable to the severing
12 party. United States v. Reese, 2 F.3d 870, 892 (9th Cir. 1993).

13     First, If the current cases were severed, Mr. Arnold could call his
14 co-defendant to testify.

15     Second, If Jessica King is called as a witness and refuses to
16 answer questions based upon her Fifth Amendment privilege against self-
17 incrimination, Mr. Arnold can seek to compel that testimony by
18 requesting immunity as to statements in court. At that time, Mr. Arnold
19 could seek an order requiring the government to grant use immunity to
20 the co-defendant's testimony under 18 U.S.C. § 6003(b)(1).  Such use of
21 this statute is compelled by the Sixth Amendment's guarantee of
22 compulsory process and by the Fifth Amendment's due process
23 considerations of fairness. See United States v. Leonard, 494 F.2d 955,
24 985 n.79 (D.C. Cir. 1974) (Bazelon, J., concurring in part and
25 dissenting in part).

26     Third, Ms. King was interviewed as a witness long before she was
27 indicted. Ms. King gave information to counsel that clearly exonerated
28 Mr. Arnold, and she could have testified to that before she became a

defendant in this case. The testimony she could have given would have clearly exonerated Mr. Arnold with regards to the charges that were pending against him.

Even if statutory immunity is not appropriate, the Court can confer immunity independent of the prosecutor's statutory power because Mr. Arnold would be "prevented from presenting exculpatory evidence which is crucial to his case" if the trial court did not confer immunity. Government of the Virgin Islands v. Smith, 615 F.2d 964, 969-70 (3d Cir. 1980). See United States v. Alessio, 528 F.2d 1079, 1082 (9th Cir. 1976). Mr. Arnold's rights to compulsory process and to due process of law entitle him to a separate trial if the Jessica King refuses to testify at a joint trial.

    3.   <u>Without Severance, Mr. Arnold's Sixth Amendment Confrontation and Cross-Examination Rights are Nullified</u>.

The Sixth Amendment guarantees the accused the rights to confront and to cross-examine witnesses against him. Lilly v. Virginia, 527 U.S. 116, 123-24 (1999); Bruton v. United States, 391 U.S. 123, 126 (1968). When the government seeks to introduce an accomplice's hearsay statements against the accused, this Court must decide whether the Sixth Amendment permits the government to dispense with the accused's usual guarantee of confrontation and cross-examination. Lilly, 527 U.S. at 124. This Court has the power to sever Mr. Arnold's trial, and thus preserve his rights of confrontation and cross-examination. U.S. Const. amend VI; Fed. R. Crim. P. 14.

In Bruton v. United States, the Supreme Court held that the admission in a joint trial of a co-defendant's confession, which implicated the defendant, violated the defendant's Sixth Amendment right to confront and cross-examine when the co-defendant whose statement was

introduced did not testify. 391 U.S. at 126. The Supreme Court has repeatedly reaffirmed the validity of Bruton's Sixth Amendment analysis. See, e.g., Richardson v. Marsh, 481 U.S. 200, 201-02 (1987) (holding that "where two defendants are tried jointly, the pretrial confession of one cannot be admitted against the other unless the confessing defendant takes the stand.").

Here, the government may seek to introduce statements by Christopher Black or even Jessica King co-defendant that mention Mr. Arnold. Any such statements made by the co-defendants are inadmissible prejudicial hearsay and cannot be admitted at a joint trial where Mr. Arnold has no opportunity to cross-examine that statement. Admission of such a statement in a joint trial violates Mr. Arnold's Sixth Amendment right to confront and cross-examine witnesses against him.

The Supreme Court has stated several times that " 'the naive assumption that prejudicial effects can be overcome by instructions to the jury. . .all practicing lawyers know to be unmitigated fiction.' " Bruton, 391 U.S. at 129, quoting Krulewitch v. U.S., 336 U.S. 440, 453 (1949) (Jackson, J., concurring). The Court in Bruton held that instructing the jury to disregard the evidence was inadequate to remedy the significant prejudice inherent in such evidence. Id. at 135-36. The Court reaffirmed this principle in Cruz v. New York, 481 U.S. 186, 192-93 (1987), holding that an instruction to disregard such evidence is deficient when a co-defendant's confession, which directly incriminates the defendant, is admitted into evidence without the co-defendant being compelled to testify. For this reason, counsel requests severance in this case.

    4.   <u>Without Severance, the Jury May Find Mr. Arnold Guilty by Association, Impinging on Mr. Arnold's Due Process Rights.</u>

It is important to note that "[n]either mere association and activity with a co-conspirator nor even knowledge of the conspiracy's existence . . . meets the standards [required] to link a defendant to the conspiracy charge." <u>United States v. Peterson</u>, 549 F.2d 654, 658 (9th Cir. 1977). "Mere association and activity with a co-conspirator does not meet the test." <u>United States v. Basurto</u>, 497 F.2d 781, 793 (9th Cir. 1974) (citation omitted). A jury ordinarily experiences great difficulty in following admonishing instructions and in keeping separate evidence that is relevant only to co-defendants. In most cases,

> [a] co-defendant in a conspiracy trial occupies an uneasy seat. There generally will be evidence of wrongdoing by somebody. It is difficult for the individual to make his own case stand on its own merits in the minds of jurors who are ready to believe that birds of a feather are flocked together.

<u>Krulewitch v. United States</u>, 336 U.S. 440, 454 (1949) (Jackson, J., concurring). If a jury cannot compartmentalize the evidence that pertains to each defendant, the trial court runs the risk of allowing a conviction based upon a defendant's association with incriminating evidence alone.

The jury cannot reasonably be expected to compartmentalize the evidence as it relates to Mr. Arnold alone. <u>Cf.</u> <u>United States v. DeRosa</u>, 670 F.2d 889, 898-99 (9th Cir. 1982) (noting that highly limited implicit connections between co-defendants may allow the jury to "easily compartmentalize the evidence"). Since Mr. Arnold will likely be prejudiced by evidence admissible only against his co-defendants, his rights can only be protected by severance of both co-defendants.

### III.

**COUNSEL REQUESTS LEAVE TO FILE FURTHER MOTIONS.**

Counsel anticipates filing in limine motions in compliance with the

Court's standing orders. However, if other motions become necessary, as a result of other issues arising between now and then, counsel respectfully requests permission to address those issues through filing of additional motions as necessary.

## IV.
## CONCLUSION

For the foregoing reasons, Mr. Arnold respectfully requests that the Court grant his motions.

**Respectfully submitted,**

**Dated:  July 14, 2008**         *s/ Holly Hanover*
Holly S. Hanover
Attorney for Mr. Jordan Arnold
E-mail: Netlawyr@aol.com