JOHN P. ROGERS
ROSENBLUM, SCHWARTZ, ROGERS, GLASS P.C.
ATTORNEYS AT LAW
120 S. Central, Suite 130
Clayton, MO 63105
Telephone: (314) 862-4332
Facsimile: (314) 862-8050

MARK F. ADAMS
Attorney at Law
California State Bar No. 097377
964 Fifth Avenue, Ste. 214
San Diego, CA  92101
Telephone: (619) 239-4344
Facsimile: (619) 544-1429

Attorneys for Defendant
CHRISTOPHER BLACK

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> CHRISTOPHER BLACK, ) <br> ) <br> Defendant. ) <br> _____ ) | **CASE NO. 08CR0274-02-LAB** <br><br> **NOTICE OF MOTION AND MOTION FOR SEVERANCE OF DEFENDANTS** <br><br> **Date: August 25, 2008** <br> **Time: 2:00 p.m.** |

TO:   KAREN P. HEWITT, UNITED STATES ATTORNEY, AND
       CHRISTOPHER P. TENORIO, ASSISTANT UNITED STATES ATTORNEY:

   PLEASE TAKE NOTICE that on Monday, August 25, 2008 at 2:00 p.m. or as soon thereafter as counsel may be heard, the above named Defendant, by and through his counsel, will present the following Motion for Severance of Defendants.

1                                                                                08CR0274-02-LAB

**MOTION**

Defendant, CHRISTOPHER BLACK, pursuant to the provisions of Rules 8,12 and 14 of the Federal Rules of Criminal Procedure, and the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution, and the applicable case law of the United States Supreme Court and the Circuit Courts of the United States, hereby moves for severance of defendants.

This Motion is made and based upon this Notice of Motion, the attached Memorandum of Points and Authorities, all files and records in the above captioned case, and on any matters which may come to this Court's attention prior to or at the time of hearing this motion.

Dated: August 4, 2008                    */s/ John P. Rogers*_____
                                          JOHN P. ROGERS

Dated: August 4, 2008                    */s/ Mark F. Adams*_____
                                          MARK F. ADAMS
                                          Attorneys for Defendant
                                          CHRISTOPHER BLACK

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 08CR0274-02-LAB |
| Plaintiff, | ) | |
| v. | ) | CERTIFICATE OF SERVICE |
| CHRISTOPHER BLACK, | ) | |
| Defendant. | ) | |

IT IS HEREBY CERTIFIED THAT:

I, Mark F. Adams, am a citizen of the United States and am at least eighteen years of age. My business address is 964 Fifth Avenue, Suite 335, San Diego, California 92101.

I am not a party to the above-entitled action. I have caused service of the defense MOTION FOR SEVERANCE OF DEFENDANTS on the following parties by electronically filing the foregoing with the Clerk of the United States District Court using its ECF System, which electronically notifies the following individuals:

Christopher P. Tenorio, Attorney for the Government, christopher.tenorio@usdoj.gov

I declare under penalty of perjury that the foregoing is true and correct and that this proof of service was executed on August 4, 2008 at San Diego, California.

*/s/ Mark F. Adams*_____
Mark F. Adams

JOHN P. ROGERS
ROSENBLUM, SCHWARTZ, ROGERS, GLASS P.C.
ATTORNEYS AT LAW
120 S. Central, Suite 130
Clayton, MO 63105
Telephone: (314) 862-4332
Facsimile: (314) 862-8050

MARK F. ADAMS
Attorney at Law
California State Bar No. 097377
964 Fifth Avenue, Ste. 214
San Diego, CA  92101
Telephone: (619) 239-4344
Facsimile: (619) 544-1429

Attorney for Defendant
CHRISTOPHER BLACK

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>       Plaintiff,<br><br>v.<br><br>CHRISTOPHER BLACK,<br><br>       Defendant. | **CASE NO. 08CR0274-02-LAB**<br><br>**POINTS AND AUTHORITIES<br>IN SUPPORT OF MOTION FOR<br>SEVERANCE OF DEFENDANTS**<br><br>DATE: August 25, 2008<br>TIME:   2:00 p.m. |

**I
STATEMENT OF THE CASE**

Defendant, Christopher Black, is named in a ten count superceding criminal indictment charging a Conspiracy to Engage in Sex Trafficking of Children, Conspiracy to Coerce and Entice Juveniles into Prostitution, and eight substantive counts of Recruiting and Enticing Juveniles into Prostitution all in violation of Title 18 U.S.C. §§ 371, 1591, and 2422.  The superceding indictment charges Mr. Black in both

conspiracy counts and four of the substantive charges. The substantive charges, as filed, carry a mandatory minimum sentence of ten years upon conviction.

There are presently two co-defendants named in the superceding indictment. Jordan Arnold was first arrested on or about October 12, 2007 by local authorities. The defense is informed and believes that Mr. Arnold's arrest resulted in a prosecution in the Superior Court of the State of California which was later dismissed in favor of a federal indictment returned on February 1, 2008 against only Mr. Arnold. The superceding indictment was returned against Mr. Black, Mr. Arnold and Jessica King on May 23, 2008. It appears that the case has been under active and ongoing investigation from October of 2007 to the present day. A number of people have been interviewed by government agents, including both co-defendants and others who appear to have been actively involved in at least some of the allegations in the superceding indictment. The defense is informed and believes that either of both of the co-defendants have made statements inculpatory of Mr. Black. We do not yet have complete discovery on the co-defendant's statements and are therefore not fully informed on questions that will certainly call for severance depending upon the precise nature of the statements made and the trial strategy adopted by the co-defendants.

### II

### DEFENDANT BLACK'S TRIAL SHOULD BE SEVERED FROM THAT OF HIS CO-DEFENDANTS

Severance of trial is potentially appropriate for each of the following reasons:

**1. Antagonistic Defenses**

Antagonistic Defenses emerge in a number of situations:

(1) Co-Defendants objections which bar a defendant from eliciting exculpatory testimony; (2) Attempts by a co-Defendant to elicit testimony inculpatory of a defendant

where testimony could not have been introduced by the prosecution; and (3) Savage cross-examination of a defendant by a co-defendant's attorney.  In these situations the defense is faced with a two front war, fighting both the prosecutors and the lawyers for co-defendants.

A confrontation between two defendants resulting from mutually inconsistent defenses which may lead one attorney to comment on the possible inference of guilt from a co-defendant's silence should result in a severance of the cases of the two defendants.  *De Luna vs. United States*, 308 F. 2d 140 (5th Cir., 1962).  In *De Luna*, the court pointed out that it is an attorney's duty to his client to comment on the failure of a co-defendant to testify when the defendant's interests require such comment.  This course of action would, of course, violate the Fifth Amendment right of the non-testifying co-defendant to be free from adverse inferences being drawn from his silence at trial.

Although final trial strategy has not been formulated, it is expected that one or more of the problems resulting of antagonistic defenses will arise during a joint trial from the remaining co-defendants.  See, *Rhone vs. United States* ,365 F.2d 980, 981 (D.C. Cir., 1966) and *De Luna vs. United States,* 308 F. 2d 140 (5th Cir., 1962).

**2. Bruton Theory**

In *Bruton vs. United States*, 391 US 123 (1968) the Supreme Court held that when two or more defendants are tried in a joint proceeding and an out-of-court statement of one defendant inculpates another, separate trials should be ordered where the maker of the statement is not going to testify at trial.  Otherwise, the inculpated defendant would be denied the right to confrontation, as well as the right to a fair trial. (Id. at 126)  The Court concluded in *Bruton* that:

> Despite the concededly clear instructions to the jury to disregard even [the co-defendant's] inadmissible hearsay evidence inculpating petitioner, in the context of a joint trial we cannot accept limiting instructions as an

adequate substitute to petitioner's constitutional right of cross-examination. (Id. at 137)

**3. Co-Defendant's Exculpatory Evidence**

Christopher Black is entitled to a severance from co-defendants if he is able to demonstrate, by way of affidavit, that he could obtain exculpatory testimony from one or more of his co-defendants at a separate trial. If tried together, his co-defendants may exercise their Fifth Amendment right to remain silent at trial. Upon filing an affidavit to this effect, Mr. Black is entitled to severance of his case from that of the co-defendants. *United States vs. Virgil*, 561 F. 2d 1316 (9th Cir., 1977); *United States vs. Echeles*, 352 F.2d 892 (7th Cir., 1965). Christopher Black reserves the right to provide the Court with such an affidavit as the trial strategies of his co-defendants become solidified and as defense investigation is completed; thus supporting the granting of a severance of his case from that of his co-defendants.

If a co-defendant would not voluntarily testify at separate trial, the accused has the constitutional right to call a co-defendant as a witness upon a demonstration that the exculpatory testimony is otherwise unavailable and is material to the defense. If the co-defendants were called as witnesses and refused to answer questions on Fifth Amendment grounds, Mr. Black could seek to compel testimony by requesting immunity for these witnesses. The defense could seek an order requiring the Government to grant use immunity and to compel the co-defendants' testimony under Title 18 United States Code § 6003(6)(1). If statutory immunity were not appropriate, the court could judicially confer immunity independent of the prosecutor's statutory power because Mr. Black would be "prevented from presenting exculpatory evidence which is crucial to his case." *United States vs. Lord*, 711 F. 2d 887 (9th Cir., 1983); *Government of the Virgin Islands vs. Smith*, 613 F.2d 964, 969-970 (3rd Cir., 1980); see also *United States vs. Alessi*, 528 F. 2d 1029 (9th Cir., 1976). The defendant's right to compulsory process

under the Fourteenth Amendment entitles him to a separate trial if his co-defendants refuses to testify at a joint trial.  Although we do not expect such a situation to arise, the defense wants all parties and the Court to be aware that we may confront this issue should all defendants elect to proceed to trial.

Considerations of judicial economy do not outweigh the seriousness of the prejudice to Mr. Black who would be denied the right to present important exculpatory evidence.  *United States vs. Seifert*, 648 F. 2d 557, 564 (9th Cir., 1980).

The defense reserves the right as trial preparation continues to present affidavits to the Court which will support one or more of the above-referenced theories of severance.

### III.

### CONCLUSION

For the forgoing reasons, and based upon the argument of counsel, and such other and additional evidence as may be provided to the Court prior to trial, Defendant Christopher Black, will request severance of his trial from that of his co-defendants.

Dated: August 4, 2008             */s/ John P. Rogers*
                                  JOHN P. ROGERS


Dated: August 4, 2008             */s/ Mark F. Adams*
                                  MARK F. ADAMS
                                  Attorneys for Defendant
                                  CHRISTOPHER BLACK